B. C. DRAKE, APPELLANT, VS. S. L. GRANGER, APPELLEE.

1. A judgment of a court of record valid under the laws of the State where recorded is valid here.

2. A plea to an action on a judgment of another State that the debt for which such judgment was rendered had been paid is a defence existing anterior to said judgment, and on motion should be stricken from the record.

3. When a suit is brought in the courts of this State upon a judgment rendered in another State, the defendant can plead in bar that the court in which such judgment was recovered never acquired jurisdiction of his person.

4. A transcript of the proceedings and judgment in a suit in the Superior Court of Massachusetts, which does not show that a summons to the defendant to appear was ever issued, or that the defendant appeared in person or by attorney to said suit, is inadmissible in evidence against the defendant named therein.

5. A return by the sheriff, on another paper in the cause, that he had served a summons on the defendant, no summons appearing in the transcript, is sufficient to authorize the conclusion that such summons in fact existed or was served.

Appeal from the Circuit Court for Alachua county.

The facts of the case are stated in the opinion.

*J. J. & S. Y. Finley* and *Ashby, Scott & Thrasher* for Appellant.

*W. W. Hampton* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Suit was instituted in the Circuit Court of Alachua county by S. L. Granger against B. C. Drake, on a judgment rendered in favor of said Granger, and against said Drake, in the Superior Court of the State of Massachusetts, for the county of Hampden. A transcript of the record duly certified was introduced in evidence of which the following is a copy:

" CAUSE OF ACTION.
Commonwealth of Massachusetts, ⎱
         HAMPDEN, s. s.         ⎰

I, Robert O. Morris, Clerk of the Superior Court of said Commonwealth of Massachusetts for the county of Hampden, do hereby certify that among the files and records of said Superior Court for the said county of Hampden, in the case of S. L. Granger vs. B. C. Drake, it is thus contained—writ:

[L. S.]          Commonwealth of Massachusetts, ⎱
                          HAMPDEN.          ⎰

*To the Sheriffs of our several counties or their Deputies—*
    *Greeting:*

We command you to attach the goods or estate of B. C. Drake, now cormorant at Southwick, in said county of Hampden, to the value of five hundred dollars, and for want thereof to take the body of the said defendant, (if he may be found in your precinct,) and him safely keep, so that you have him before our Justices of our Superior Court, next to be holden at Springfield, within and for our said county of Hampden on the fourth Monday of October

next; then and there in our said court to answer unto S. L. Granger, of said Southwick; and the plaintiff says the defendant made à promissory note, a copy whereof is hereunto annexed with the endorsements thereon, and the defendant owes plaintiff the balance of said note and interest.

$40.97.            SOUTHWICK, MASS., Nov. 1, 1862.

For value received I promise to —— S. L. Granger, or order, $40.97-100 dollars on demand with interest annually.

(Signed)                    B. C. DRAKE.

Indorsed.—' Received February 4th, 1863, fifteen dollars on within,' and the plaintiff says the defendant owes him the sum of two hundred and sixty seven and seventy-five one hundredth dollars for money paid for defendant to use of plaintiff.

B. C. Drake to S. L. Granger, Dr.:

To cash paid and interest, $267.73, to the damage of the said plaintiff (as he say) the sum of five hundred dollars, which shall then and there be made to appear with other due damages, and have you there this writ with your doings therein.

Witness, Lincoln F. Brigham, Esq., at Springfield, the twenty-third day of July, in the year of our Lord one thousand eight hundred and seventy-nine.

ROBERT O. MORRIS, Clerk.

Annexed to said writ is the following affidavit and certificate of magistrate:

AFFIDAVIT AND CERTIFICATE.

Commonwealth of Massachusetts, Hampden, s. s., July 23d, A. D. 1879.

I, S. L. Granger, the plaintiff named in the annexed writ do, on oath, declare that I have a good cause of action against the defendant therein named, and a reasonable expectation of receiving a sum amounting to twenty dollars

exclusive of all costs which have accrued in any former action, and that I believe and have reason to believe that the said defendant has property not exempt from being taken on execution, which he does not intend to apply to the payment of the plaintiff's claim, and that I believe and have reason to believe that he intends to leave the State so that execution, if obtained, cannot be served upon him.

S. L. GRANGER.

Commonwealth of Massachusetts, Hampden, s. s., July 23d, A. D. 1879.

Personally appeared the above named S. L. Granger before me, and made oath to the truth of the above affidavit by him subscribed, and I certify that I am satisfied the same is true, and satisfactory cause having been shown I authorize the arrest of said defendant, if his arrest is authorized by law to be made after sunset.

E. W. DICKERMAN,

Fee, $1.00.                      '          Justice of the Peace.

Upon which writ are the following returns of the officer who served the same:

Returns—Hampden, s. s., July 25th, A. D. 1879. By virtue of this writ I this day for want of goods and estate of the within named B. C. Drake, the within named defendant, found neither in my precinct, I arrested the body of the said Drake as within directed, and took him before Homer B. Stevens, Esq., a trial justice within and for said county.

GEO. H. MOSELEY, Deputy Sheriff.

Hampden, s. s., July 25th, 1879.

By virtue of this writ I attached a chip as the property of the within named defendant, and afterwards, on the same twenty-fifth day of July, A. D. 1879, gave in hand to said

defendant a summons for his appearance at court as within directed.                              GEO. H. MOSELEY,

Deputy Sheriff.

Fees—Service...............................  .............$1.00
          Travel 30 miles....................................  1.50
          Use of team 5 miles............................  ·60—$3.10

HAMPDEN, SS.

In the service of this precept it was necessary for me to use a horse and carriage, and I have actually used such conveyance five miles.              GEO. H. MOSELEY,

Deputy Sheriff.

At the term of said court holden at Springfield, within and for said county on the fourth Monday of October, in the year eighteen hundred and seventy-nine, the plaintiff appeared by his attorney, Henry Fuller, and entered the above action and moved for and had leave to amend his writ as follows, to wit:

MOTION TO AMEND WRIT.

In entitled case plaintiff comes and moves to amend his writ and declaration by entitling the same in an action of contract, viz: In an action of contract.

By H. FULLER, Plaintiff's Attorney.

And this action was continued from term to term to the term of said court holden at Springfield, within and for said county on the second Monday of June, in the year eighteen hundred and eighty, when the plaintiff appeared as aforesaid; but the defendant, although three times publicly called to come into court, did not appear and was defaulted. It was, therefore, considered and ordered by the court that the said plaintiff recover judgment against the said defendant for the sum of three hundred and thirty-seven dollars and thirty-eight cents damages, and costs of suit taxed at sixteen dollars and thirty-one cents.

Execution issued August 4, 1880.

I do certify that the foregoing is a true copy of all the papers in the above case and a transcript of the proceedings of the Superior Court therein.

In testimony whereof, I have hereunto set my hand and affixed the seal of said court on this twelfth day [SEAL.] of February, in the year of our Lord one thousand eight hundred and eighty-four.

ROBERT O. MORRIS, Clerk."

The defendant pleaded payment of the debt for which such judgment was rendered, and that said judgment was void for want of jurisdiction of the person of the defendant by the Massachusetts court. The plaintiff moved to strike from the record the plea of payment, which motion was granted by the court. The appellant assigns this action of the court as error. There was no error in striking this plea under our statute. Except as to jurisdictional facts, there can be no averment in pleading against the validity of a foreign judgment, though there may be as to its operation, therefore no matter of defence can be pleaded, which existed anterior to the recovery of said judgment, and was determined by it. Sanders on Pleading and Evidence, Vol. 2, part 1, 255. Such a plea being calculated to " embarrass or delay a fair trial of the action " was properly stricken from the record by the court. McC's. Dig., sec. 55, p. 856. The case in 13 Peters, 312, McElmoyle vs. Cohen, cited by appellant's counsel, evidently alluded to a plea of payment of the *judgment* and not to a plea of payment of the debt for which judgment was recovered.

The appellant assigns as error that the court erred in admitting as evidence the transcript of the judgment of the Superior Court of Massachusetts, and also that the court erred in the following charges to the jury : " That if it appears from the evidence that the defendant was arrested in

23

Massachusetts that is sufficient evidence that the defendant was summoned to answer in the court of Massachusetts, and being so summoned it was competent for the court to give a judgment against him. It was not necessary in order for the court in Massachusetts to have given judgment that there should have been a summons served upon the defendant. His arrest was a sufficient summons, and under the arrest he was in court."

" If the jury are satisfied that the defendant was arrested by the process of the court in Massachusetts, therefore properly before the court in Massachusetts, then the jury has nothing more to do than to find a verdict for the plaintiff for the amount of the judgment rendered in Massachusetts with interest from its rendition on the 4th of August, 1880."

These assignments of error involve the same question— was the judgment a valid judgment in the State of Massachusetts where it was recovered—and may be considered together. The statutes of said State in reference to original writs in civil actions are as follows: " Civil actions, except those founded on *scire facias*, or other special writs, shall be commenced by original writs, which shall be signed, sealed, and bear teste, as required by the Constitution."

" The original writ may be framed, either: To attach the goods or estate of the defendant, and for want thereof, to take his body; or, it may be an original summons, with or without an order to attach the goods or estate."

" When goods or estates are attached on either of the writs before mentioned, there shall be a separate summons, to be served on the defendant after the attachment, and the service thereof shall be a sufficient service of the original summons."

It will be seen from these statutes that by sec. 11, that whenever goods or estates are attached on either of the two

writs provided by the two preceding sections, that the statute required a separate summons to be served on the defendant after the attachment. Its highest court of judicature in the case of Peabody vs. Hamilton, 106 Mass., 217, decided that " it is lawful service of the original writ in a civil action framed to attach the goods or estates of the defendant and for want thereof to take his body, if the officer attaches a chip as the property of the defendant and gives him in hand a separate summons." If a separate summons had been given the defendant in hand, we should hold that the judgment was valid in Massachusetts, and as a consequence valid here. Does the record show a separate summons, and its service on the defendant? There is no summons in the record, and the only statement relating to it is the return of the sheriff, that " afterwards, on the same 25th day of July, A. D. 1879, gave in hand to said defendant a summons for his appearance in court as within directed." We do not think this sufficient. Before the sheriff could serve the summons, it must have been in existence, issued by competent authority, and if in existence, it should appear in this transcript. His return that he had served a paper which is not shown to have come to his hands, nor in fact, to have ever existed, cannot be considered as proof of a fact which was necessary to give the court jurisdiction. From evidence introduced at the trial of the case by the defendant, it appears that when arrested he was taken before a justice of the peace, and upon taking the poor debtor's oath he was discharged. Any jurisdiction that the court might have obtained by virtue of his arrest was discharged by his release before the recovery of the judgment against him. But his arrest alone, when goods were levied on by the writ, and the Supreme Court of Massachusetts has decided, as we have seen, that a chip was goods, under their statute, was not sufficient to give

the court jurisdiction without the issue and service upon him of a separate summons.

We do not believe that the judgment for the reason stated was a valid judgment in the State where rendered and cannot be considered a valid judgment here. We hardly think it necessary to cite authority to show that the transcript of a judgment recovered in another State when sued on in this State must show that the defendant was summoned to appear or did appear in the court that rendered the judgment to give it validity. The writ issued was to seize five hundred dollars worth of his property or for want thereof to take his body. As only a nominal levy had been made, and he was discharged from arrest, and no separate summons served on him to appear at court, he might reasonably have concluded that the suit was abandoned.

Judgment reversed and cause remanded.