GLOBE THEATRE AND AMUSEMENT COMPANY, *a Corporation, Plaintiff in Error, v.* GEORGE K. WATT, *Defendant in Error.*

1. It is irregular to allow a cause to go to trial in the absence of any reply to, or joinder of issue on a plea which requires something more than a mere *similiter* to put it in issue.

2. Where a plaintiff "takes and joins issue" on pleas containing new matter, the cause may be regarded as at issue, the addition of a similiter being immaterial.

3. After a full trial of an action at law upon the merits, the mere absence of a *similiter* to a statutory joinder of issue on the pleas is not ground for a reversal of the judgment, the *similiter* not having been insisted on by the opposing party or required by the courts.

This case was decided by Division A.

The facts in the case are stated in the opinion of the court.

Writ of error to the Circuit Court for Duval County.

*I. L. Purcell,* for Plaintiff in Error;

*C. B. Peeler,* for Defendant in Error.

WHITFIELD, C. J.—George K. Watt brought an action against the corporation on its contract under seal. The corporation pleaded as a bar to the action a concurrent parol contract and also a want of consideration for the contract under seal sued on. No demurrer to these pleas was interposed, but by a paper filed in the cause the plaintiff "takes and joins issue" on the pleas. Judg-

ment was rendered for the plaintiff and the defendant took writ of error.

The only contention here is that the cause was erroneously tried when it "was not at issue, no replication having been filed to the pleas of defendant setting up new matter" as a defense to the action.

Under the decisions of this court it is error to allow a cause to go to trial in the absence of any reply to, or joinder of issue on, a plea which requires something more Than a mere similiter to put it in issue. Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 South. Rep. 64; Asia v. Hiser, 22 Fla. 378; Livingston v. L'Engle, 22 Fla. 427; Livingston v. Anderson, 30 Fla. 117, 11 South. Rep. 270. In the cited cases there was no response to or issue taken on pleas that required something more than a mere similiter.

Section 1447, General Statutes of 1906, Section 1055, Revised Statutes, provides that "Either party may plead in answer to the plea or subsequent pleading of his adversary, that he joins issue thereon, which joinder of issue may be as follows, or to the like effect: 'the plaintiff joins issue upon the defendant's ——— plea.' ——— such form of joinder of issue shall be deemed to be a denial of the substance of the plea, ——— and an issue thereon, and in all cases where plaintiff's pleading is in denial of the pleading of the defendant, or some part of it, the plaintiff may add a joinder of issue for the defendant."

In this case there was a taking or joinder of issue on the pleas tendering issues even though such pleas may have been insufficient in law as a defense to the action. Under the statute the joinder of issue filed operated as a denial of the averments of the pleas, and the plaintiff could have formally added, for the defendant, a *simimiter*

or acceptance of the issue taken or tendered by the plaintiff in his pleading stating that "the plaintiff ————— for replication to the foregoing pleas of the defendant, says that he takes and joins issue thereon."

After a full trial of an action at law upon the merits, the mere absence of a *similiter* to a plea or replication is not ground for a reversal of the judgment, the *similiter* not having been insisted on by the opposing party or required by the court. Huling v. Florida Savings Bank, 19 Fla. 695; Wilson v. Hunter, 25 Fla. 469, 6 South. Rep. 432; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Barrs v. Brace, 38 Fla. 265, 20 South. Rep. 991; Frank v. Williams, 36 Fla. 136, 18 South. Rep. 351; St. Johns & H. R. Co. v. Shalley, 33 Fla. 397, 14 South. Rep. 890.

As there was a joinder of issue on the pleas, and the filing of a similiter is a mere form that is immaterial after judgment on the merits the error asserted does not appear and the judgment is affirmed.

Shackleford and Cockrell, J. J., concur;

Taylor, Hocker and Parkhill, J. J., concur in the opinion.