JAMES M. CARROLL, *Plaintiff in Error,* vs. OLLIE H. GORE, *Defendant in Error.*

143 So. 633.

En Banc.

Opinion filed August 24, 1932.

*G. H. Martin,* for the Plaintiff in Error;

No appearance for the Defendant in Error.

ANDREWS, Commissioner.—James M. Carroll filed suit in the Circuit Court of Broward County upon a judgment obtained against Ollie H. Gore in the State of Illinois, From a judgment rendered in favor of defendant writ of error was taken to this Court for review.

The declaration was originally in six counts but the main issue finally involved principally the first count which before amendment alleged substantially that the plaintiff on January 21, 1929, in the Municipal Court of Chicago, a Court of general jurisdiction under the laws of the State of Illinois, recovered a judgment of $6812.16 and cost against the defendant, Ollie H. Gore, as shown by the record remaining in the said Court, which remains in full force and effect, yet neither the defendant, nor anyone for him, has paid to the plaintiff the said sum, but refuses so to do; to the damage of the plaintiff in the sum of Twelve Thousand ($12,000.00) Dollars. A copy of the judgment sued upon is attached and marked Exhibit ''A.''

The judgment recites as a basis for its entry what is termed in that State a ''cognovit confession'' by an attorney and leaving out formal parts the judgment is as follows:

''JAMES M. CARROLL vs. OLLIE H. GORE } No. 1241699

CONTRACT CONFESSION

"Now comes rhe Plaintiff in this cause; also comes the defendant, who by virtue of defendant's warrant of attorney, files herein a cognovit confessing the action of the plaintiff against the defendant and that the plaintiff has sustained damages herein against the defendant in the sum as set forth in said cognovit.

"Whereupon, the plaintiff moves the Court for final judgment herein. It is therefore considered by the Court that the plaintiff have and recover of and from the defendant Ollie H. Gore, the damages amounting to the sum of Sixty-eight Hundred twelve and 16/100 dollars ($6812.16) in form as aforesaid confessed, together with the cost by the plaintiff herein expended, and that execution issue therefor."

At a hearing upon motion of defendant to require plaintiff to elect which counts in the instant suit he would rely upon for recovery, the trial court entered an order requiring the plaintiff to amend the declaration, which amendment reads as follows:

"Plaintiff further says that the aforementioned judgment is based upon the obligation represented by that certain promissory note made by defendant to plaintiff, a copy of which is attached to the original declaration in this cause, marked Exhibit 'B' and made a part hereof."

Exhibit "B" is as follows:

"$4,800.00                    Chicago, Ill., Nov. 3rd, 1932

On or before Ninety days after date for value received, I promise to pay to the order of James M. Carroll,

Four Thousand Eight Hundred.....xx/100 Dollars at the Union Trust Co. with interest at 6% per cent. per annum after.......................until paid.

And to secure the payment of the said amount, I hereby authorize, irrevocably, any attorney of any Court of Record, to appear for me in such court, in term time or vacation, at any time hereafter, and confess a judgment, without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with cost and reasonable

attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof.

Ollie H. Gore

Rogers Park Hotel, Chicago.''

On December 2, 1929, defendant filed pleas to the original declaration which in substance says that the court out of which judgment issued, upon which the above suit is brought, was (1) without jurisdiction as to the subject matter, and (2) without jurisdiction of the defendant. A demurrer to the above pleas was overruled. The demurrer should have been sustained for reasons hereafter noted; however, the plaintiff in due course filed his replication thereto. In this condition the case was called for trial on January 8, 1931, when the trial court over the objection of the plaintiff permitted the defendant to file an "amended" plea to the amended declaration. The amended plea contained nothing with reference to jurisdiction of "subject-matter;" it in substance avers that the said court out of which judgment issued had "no jurisdiction of the person of the defendant" for the reason that he was a resident of Florida when the judgment was rendered, and that there was no legal service of summons made upon him nor any process of said court giving jurisdiction; that defendant did not have his day in court, nor did he appear in the said cause, nor did he authorize any person, agent or attorney to appear for him, and the said judgment rendered in said court is absolutely null and void.''

Plaintiff in error first contends that the court committed error in permitting the defendant to so amend his pleas at the trial because it contained "such new matter" as would require a "further replication" before going to trial and that the plaintiff was forced to trial without being given an opportunity to reply.

Our conclusion is that the amended plea did not contain such "new matter" as would require further replication. It merely undertook to set up facts tending to support formal averments contained in the former pleas which merely stated that the said court of Illinois was "without jurisdiction of the defendant." The new matter was not such as would be calculated to take plaintiff by surprise, nor such as would necessarily warrant a continuance, had one been asked for; nor such as would necessitate a formal replication by plaintiff, before going to trial. Only those portions of the "amended" plea were proper, if at all, which state that the defendant was not served with any process, did not appear, "nor did he authorize any person, agent or attorney to appear for him." There is nothing to show that the defendant moved for a continuance or objected to going to trial, after the amended plea was filed, but rather to the contrary.

There was no plea denying execution of the note nor one setting up fraud; therefore, if the power conferred by the "confession provision" of the note is a valid obligation in the courts of general jurisdiction in the State of Illinois, that portion of the amended plea which states that he did not appear and was not served with process nor "authorized any person, agent or attorney to appear for him," would present no triable issue for a jury.

Admitting that the amended plea contained "new matter" and that it is issuable, our statutes are very liberal as to amending pleadings. Under Section 4295 (2629) C. G. L. 1927, a court in its discretion may, upon application, permit either party to amend any defect in any pleading either before, at the beginning or during the trial and in some instances after verdict, when necessary for the purpose of determining the real question in controversy in the suit between the parties. Hart v. Pierce, 98 Fla. 1087, 125 So. 243; Evans v. Kloppe, 72 Fla. 267, 73 So.

180; Gurgenheimer & Co. vs. Davidson, 62 Fla. 490, 56 So. 801; Hartford Fire Insurance Co. v. Redding, 47 Fla. 228, 37 So. 62.

Section 4284 (2618) C. G. L. 1927, provides that if any plaintiff does not take issue "after notice" upon any plea, or reply, or demurrer to the same, he shall be considered as having taken issue upon such plea and the case shall proceed to trial accordingly. See also Crandall's Florida Common Law Practice—Section 44. Formal notice may not be required when amended pleas are tendered in open court. A replication may be filed at the time an amended plea is filed, if the plaintiff so elects. Flournoy v. Munson Bros. Co., 51 Fla. 198, 41 So. 398. In fact a cause may be properly submitted to the jury notwithstanding the plaintiff has filed no replication to amended pleas containing new matter. American Tie Co. v. Washington, 62 Fla. 117, 57 So. 201. See also Circuit Court Rule 20, in law cases. As already observed, the original pleas to which plaintiff had replicated, were unquestionably bad and insufficient; however, the general rule in such cases is that a "bad replication is a good answer to a bad plea." Oxford Lake Line v. First National Bank, 40 Fla. 349, 24 So. 480. About the only instance where error may be committed in allowing a cause to go to trial in the absence of any replication to an amended plea made at the trial, would be where the new plea would require more than a mere similiter to put it in issue. Muller v. Ocala Foundry & Machine Works, 49 Fla. 189, 38 So. 64; Globe Theatre Co. v. Watt, 62 Fla. 196, 57 So. 201. That condition does not exist in the instant case. An examination of the original pleas, filed December 2, 1929, to the declaration will disclose that the demurrer thereto should have been sustained as they merely allege *in general terms* that the court, out of which the judgment issued in Illinois, was without jurisdiction of the subject-matter of the suit

and without jurisdiction of the defendant, without stating in what particulars or upon what grounds.

Directing our attention now to the more important issue presented here with reference to whether the record pleaded and placed in evidence shows that proper jurisdiction was obtained in the court of Illinois "over the defendant," it will be observed that in the leading case (in this State) of Sammis v. Wightman, 31 Fla. 10, 12 So. 526; it was held that "where a party, sued in one State on judgment obtained in a sister State, undertakes to question the jurisdiction of the court of the latter State over him, his plea must negative by certain and positive averments every *fact* upon which such jurisdiction can be legally predicated. If by any reasonable intendment the facts alleged in the plea can exist and the court rendering the judgment could still have had jurisdiction, the plea is bad;" also held that a mere allegation that a defendant sued on a judgment obtained in a court of a sister State "did not have his day in court in the latter State" or the court "did not have jurisdiction of defendants," are mere conclusions of law and bad in substance, even though they have the basis of an accompanying allegation "that there was not service of summons" in the action on which the judgment sued on was rendered, as the defendant might have voluntarily appeared in the cause without summons, or by attorney.

The rule is well established that pleas in bar of suits on judgments of sister States must deny by clear and positive averments "every fact" which would go to showing jurisdiction whether with reference to person of the subject-matter. 15 R. C. L. 947, Section 525; 34 C. J. 1135, Section 1611; Sammis v. Wightman, supra.

In the Sammis case this Court also held, however, that where an action is brought upon a judgment obtained in another State "question of the former tribunal's jurisdic-

tion of the person sued is open to inquiry and adjudication in the latter court;'' and in the subsequent case of Herron v. Passailaigue, 92 Fla. 818, 110 So. 539, it was ruled that ''neither the full faith and credit clause of the .Federal Constitution nor the rules of comity prevent a collateral attack on a foreign judgment for the purpose of determining the application of either.'' See also 15 R. C. L. 945, Section 425; 34 C. J. 1138, Section 1614; Drake v. Granger, 22 Fla. 348.

One of the main contentions of the defendant in the lower court was that the Illinois court had no jurisdiction over him before or at the time the judgment was entered in that court. This made statutory authority for such procedure pertinent, and error was therefore committed in sustaining objections of the defendant to the introduction in evidence Section 88, Chapter 110 of the Statute of Illinois, authorizing a defendant to confer power of attorney to appear for him and confess judgment without process.

This Court in the case of Drake v. Granger, 22 Fla. 348, held that in an action on a foreign judgment the court will look into the law of the State where the judgment was rendered, as well as the judgment roll, to determine whether the judgment is valid where rendered.

The Illinois statute provides that ''any person for a debt bona fide may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process.'' The note (Exhibit ''B'') sued upon in terms ''irrevocably'' authorizes ''any attorney'' of record in said court to appear without process in the maker's behalf in term time or vacation and confess judgment. The question arises—does the statute apply to *any* attorney or must the attorney be named?

In this connection it will be observed that Section 2808 R. G. S. of Florida (4495 C. G. L. 1927) provides that

"all powers of attorney for confession or suffering judgment * * * made, or to be made, by any person whatsoever in this State *before such action brought,* shall be absolutely null and void."

The power to confess judgment by warrant of attorney comes from the common law and is governed thereby except in so far as the common law has been modified by statute and decisions of the courts of last resort (34 C. J. 104), and at common law a warrant of attorney to confess judgment could be executed "before the bringing of the action" in which the judgment is to be confessed. 34 C. J. 106.

It also seems to be the general rule that *in the absence of a statutory restriction* the power of attorney to confess judgment must be distinct from that of the "evidence" of the debt or obligation for which the judgment is confessed. Such authority may be attached to, or incorporated in, the note, bond, or other obligation, and for purposes of construction are to be regarded as one instrument. 34 C. J. 105, Section 281.

It is to be noted however, that in some jurisdictions the courts hold that in the absence of statutory authority an ordinary note containing a warrant of attorney, authorizing the confession of judgment without service of process, is invalid. The reason for this conclusion is that it is said to be against the public policy of law to permit a man "when entering into an obligation," to bargain away his right to be heard in court, should a question ever arise between him and his adversary in relation to it. The objection is that it would place such debtor completely at the mercy of the holder, whatever the merits of the case may be. See 15 R. C. L. 651, Section 96, and cases there cited. Our statute (4495 C. G. L.) covers that very contingency by prohibiting such an agreement to confess by attorney when entering into the obligation or "before

such action is 'brought.'' The power of the attorney, authorized in the note sued upon in the instant case, being one made ''before such action brought'' would be null and void in this State, under the above noted statute. While this form of warrant for the confession of judgments appears to be in widespread use today (sometimes designated ''Judgment Note'') such instruments are not recognized in all jurisdictions (as under the Florida statute). 15 R. C. L. 652, Section 98. Our statute, however, does not prevent their issuance *after* ''action brought.''

The certified copy of the court proceedings in Illinois, admitted in evidence, shows that William L. Kelly, an attorney of record, appeared and entered the confession of judgment for defendant Gore, pursuant to the terms expressed in the latter portion of the note. The defendant in the instant suit was allowed to testify that he ''did not remember whether or not the note that he signed gave anybody any authority to appear and confess judgment for him.'' After examining the note he testified ''I can't say whether or not that note gave anybody authority; I had business transactions with Mr. Carroll,'' but that he never gave a ''man named Kelly'' any authority to appear for him, and never had any notice of the pendency of that suit before judgment was entered and not until it was sent to Florida sometime in 1929. The pleas did not deny execution of the ''confession note'' and the trial court committed no error in sustaining objections of defendant to the admission of testimony as to the signature of the note.

It was unnecessary, under the statutes in force in Illinois, to give notice or serve personal process upon defendant as they are waived by the ''judgment confession'' provision embodied in the note or obligation sued upon. The Illinois statute noted above authorized ''any attorney''

of any court of record to appear and confess judgment, without naming any particular attorney or person. Keith v. Kellogg, 97 Ill. 147; 54 Ill. A. 596. Puterbaugh in his Common Law Pleading and Practice (8th Ed.) page 625 says: "The established practice in Illinois in cases of confession of judgment in courts of record is to file a declaration on the cause of action, a warrant of attorney (usually accompanying a promissory note) with an affidavit proving it, and a plea of confession or "cognovit." This appears to have been done in the instant case.

While the general rule seems to be that to warrant an attorney to confess judgment the written authority should designate the attorney by name, yet it appears not to be essential that a particular attorney be named or described if the warrant runs to "any attorney" of a particular court or "any court of record." 34 C. J. 11, Section 292; 15 R. C. L. 654, Section 100. Illinois appears to be one of the States authorizing confession by "any" attorney of record upon proof of such warrant.

The ultimate question presented here is whether such confessed judgment in the State of Illinois, which would not be permissible under our statutes, may legally be the subject of a valid suit in the courts of this State, it being conceded to be valid in that State. Puterbaugh's Common Law Pleading and Practice (8th Ed.) 458-459, which appears to be practically a common law text book for Illinois, states that "A judgment which by the laws of the State where it is rendered is conclusive on the parties, is equally so when suit is brought thereon in another State." In fact, as a general rule the validity and effect of the authority to confess judgment "are governed by the law of the place where the power is given and the judgment is entered, although the defendant is a resident of another State at the time the power is executed; and if the power is valid where given, it generally will be rec-

ognized in another State, although invalid under the laws of the latter State." See 34 C. J. 107, Section 286, and number of authorities there cited.

In conclusion our opinion is that a judgment entered under a warrant of attorney to confess judgment without process, authorized under the laws of the State where made, will not be denied enforcement in this State merely because the statutes of this State prohibits confession upon warrant of attorney "before such action brought." See 40 A. L. R. 441 Annotations.

In addition to errors already pointed out, the trial court committed error in denying the motion for new trial. The judgment of the trial court is hereby reversed for such further proceedings as are not inconsistent with this opinion.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below be, and the same is hereby reversed for such further proceedings as are not inconsistent with said opinion.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

ELLIS, J., concurs in the reversal.

ELLIS, J.—The new trial should have been granted. I concur in the reversal. The plea upon which the parties evidently went to trial is bad. There should have been a verdict for plaintiff.