HORTON, Judge.
The appellant-plaintiff brought suit in the Civil Court of Record for Dade County on an Illinois judgment in the amount of $2,815.17. A copy of the Illinois judgment was attached to the complaint. By way of answer, the appellee-defendant raised the affirmative defense of lack of jurisdiction in the Illinois court to enter the judgment upon the ground that the appellee had never been served. After certain procedural skirmishing, the parties went to trial before a jury upon the sole issue of whether or not the appellee had been validly served with process in the Illinois action. After the presentation of the appellant’s evidence, the appellee moved for a directed verdict on the ground that the Illinois statute relative to service of process had not been properly pleaded or proved. The trial judge granted this motion, entered judgment and the appellant appealed.
This action was brought on a foreign judgment from a sister state; thus the full faith and credit clause of the Fed *576 eral Constitution is applicable until such time as the appellee can prove that procedural due process was not followed in the Illinois proceedings. The allegations of the complaint were sufficient to present the judgment to the Florida court. There was no need to allege the jurisdiction of the Illinois court. Rule 1.9(e), Florida Rules of Civil Procedure, 30 F.S.A.; Pacific Mills v. Hillman Garment, Fla.1956, 87 So.2d 599; Milligan v. Wilson, Fla.App.1958, 107 So.2d 773. The pleadings and the stipulation of the parties reveal that there was only one issue in this lawsuit, viz., the jurisdiction of the Illinois court to enter the judgment in question. Since this issue was created by the affirmative defense of the appellee, it was incumbent upon the appellee to carry the burden of proving it. Bacon v. Green, 36 Fla. 325, 18 So. 870; Heitman v. Davis, 127 Fla. 1, 172 So. 705; Hough v. Menses, Fla.1957, 95 So.2d 410. Accordingly, at the commencement of the trial in this cause, the burden of proof on the only triable issue was upon the appellee who contended that the appellant had not complied with § 17, Illinois Civil Practice Act, S.H.A. ch. 110, § 17. The Illinois judgment reflects that jurisdiction was had over the appellee by virtue of § 17, thereby placing in issue the provisions of the statute. In Pacific Mills v. Hillman Garment, supra, the Supreme Court found this to be sufficient to warrant the application of § 92.031, Fla.Stat., F.S.A., which governs judicial notice of foreign laws. However, the appellant was not obligated to prove compliance with the statute as the foreign judgment is presumptively valid. The burden is upon the appellee to overcome this presumption. Cf. Boyer v. Andrews, 143 Fla. 462, 196 So. 825.
The judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C. J., concurs.
PEARSON, J., concurs specially.