**REALTY GROWTH INVESTORS v. GRUMAN, et ux.**

No. 77-7869.

Circuit Court, Hillsborough County.

May 9, 1978.

John R. Bush of Macfarlane, Ferguson, Allison & Kelly, Tampa, for the plaintiff.

Brooks P. Hoyt, Tampa, for the defendants.

JOHN G. HODGES, Circuit Judge.

*Final judgment entered on summary judgment:* Plaintiff filed its motion for summary judgment, seeking judgment on the basis of a judgment entered against defendants in Maryland by the superior court for Baltimore City. There is no genuine issue as to the following facts —

1. Gulf Standard Corp., a Florida corporation, of which defendant William Victor Gruman is president, borrowed from plaintiff the sum of $1,849,000. Mr. Gruman signed the note as the corporation's president on September 12, 1973.

2. Concurrently with execution of the aforesaid note, defendants executed their unconditional guaranty of the corporation's debt as evidenced by the note.

3. Defendant Eva G. Gruman executed the guaranty in Hillsborough County, Florida and the same was delivered to plaintiff in Maryland.

4. Defendant William Victor Gruman executed the guaranty in Maryland.

5. Gulf Standard Corp. defaulted in its obligation on the note and plaintiff called the guaranty which defendants have not honored.

6. Plaintiff filed suit against defendants in the superior court for Baltimore City: defendants were personally served with process in Florida by one Rose Marie Brown, a person over the age of 18 years; service was effected on January 17, 1977; defendants declined to enter an appearance in the Maryland superior court and final judgment was entered against them in the amount of $489,969,21, plus $50 costs. Defendants did not appeal that final judgment on any ground. Specifically, defendants did not pursue in Maryland the sole defense which (as counsel has verbally stipulated with this court) they pursue here, i.e., the Maryland court lacked jurisdiction over their persons. Defendants claim that the court file herein is "silent as to the authority of the process server to subject [their] persons . . . to the jurisdiction of the Maryland court." (Memorandum, p 2).

7. The affidavits of one Marie Brown, process server, demonstrate that she is personally knowledgeable as to the persons of the defendants and that she served them with the Maryland process.

In oral argument, and by written memorandum, defendants' counsel asserts on the one hand that their affirmative defense is that the Maryland court lacked jurisdiction of their persons, but on the other that plaintiff has failed to allege and prove Maryland law reflecting statutory basis for the service of process which was made, citing Fla. Stat. §92.031(4). The court notes parenthetically that defendants do not contend that they were without *notice* of the Maryland action against them. Were this a trial on the merits, defendants would have the burden of proving their affirmative defense. *Hough v. Menses,* 95 So. 2d 410 (Fla. 1957); *Futterman v. Gerber,* 109 So. 2d 575 (Fla. 3d DCA 1959). Defendants have not offered any evidence or law warranting an inference that process was not served pursuant to Maryland law.

Plaintiff was required to do no more than to "aver the judgment . . . without setting forth matter showing jurisdiction to render it." Rule 1.120(3), Fla. R. Civ. P. Lack of jurisdiction in a foreign court is a defensive matter which should be set out in the answer. *Pacific Mills v. Hillman Garment,* 87 So. 2d 599, 601 (Fla. 1956); *Futterman v. Gerber,* above. It is readily apparent that plaintiff was not required to notify defendants of any specific Maryland statutes (in the pleadings or otherwise, Fla. Stat. §92.031(4)) but to the contrary, defendants were required to notify plaintiff of any such statutes.

On motion for summary judgment, the movant has the burden of proving the absence of genuine issues of material fact. *Hall v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966). Here, plaintiff has conclusively established that defendants were served with process and defendants, by their *pleadings,* do not suggest that they were without notice of the Maryland suit. And, defendants have not affirmatively pleaded a Maryland statute which would assist this court in determining whether or not service was defective. Of course, if plaintiff, in its Maryland action, failed to comply with a service of process statute, such would warrant the conclusion that service was defective; it would not warrant the conclusion that the court lacked jurisdiction over the person of defendants, e.g., it is always possible that a defendant will voluntarily appear in the case. However, counsel have advised the court that defendants did not voluntrily appear, so the court merely suggests the distinction between jurisdictional and technical service of process concepts. Although defendants would have the burden of proving a defect in service were this cause to be tried, the plaintiff has the burden to come forward with *sufficient* proof on motion for summary judgment in order to establish that no genuine issue exists. *Ratner v. Hensley,* 303 So. 2d 41 (Fla. 3d DCA 1974).

Although the court might be inclined to conclude that, by failing to plead plaintiff's failure to comply with the Maryland service of process statute, there is no valid defense, the court will pass the temptation and review the Maryland law in order to determine whether or not there is a genuine issue of material fact as to jurisdiction. If there is no issue, this court must accord the Maryland judgment full faith and credit; in this regard the Maryland judgment is presumptively valid. See *Futterman v. Gerber,* 109 So. 2d 575, 576 (Fla. 3d DCA 1959).

The Maryland long arm statute applicable at the time of service of process by Ms. Brown in January, 1977 was §6-103, Courts and Judicial Proceedings, Annotated Code of Maryland, The Michie Company (1974). It provides, in pertinent part —

> "(b) *In general.* — A court may exercise personal jurisdiction over a person, who directly or by agent:
>
> (1) Transacts any business . . . in the state;
>
> *         *         *
>
> (6) Contracts to insure or act as surety for, or on, any person . . ., risk, contract, obligation, or agreement located, executed or to be performed within the state at the time the contract is made . . ."

The court notes that the terms "surety" and "guarantor" are synonymous. *A & T Motors, Inc. v. Roemelmeyer,* 158 So. 2d 567, 569 (Fla. 3d DCA 1965). Also, see *Nicolaysen v. Flato,* 204 So 2d 547 (Fla. 4th DCA 1967) and *Vilord v. Jenkins,* 226 So. 2d 245 (Fla. 2d DCA 1969).

In *National Truckers Service, Inc. v. Aero Systems,* 480 SW 2d 455 (Tex Civ App 1972), the court held that a Florida corporation's execution of a written guaranty agreement (in Florida) and mailing same to a Texas based creditor constituted such minimum contacts with Texas as to subject the Florida corporation to in personam jurisdiction, and the creditor's suit in Texas — the guarantor defaulted — did not offend traditional notions of fair play and substantial justice. And, in McKanna v. Edgar, 380 SW 2d 889 (Tex Civ App 1964), the court held that a California resident who mailed his promissory note to his creditor in Texas, the note being payable in Texas, subjected the defendant to the Texas "doing business" statute which gave Texas courts jurisdiction of his person.

Too many decisions have been reported to require lengthy discussion of the proposition that due process requires only that in

order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." The "physical presence" theory of *Pennoyer v. Neff*, 95 U.S. 714 (1877) has long been abandoned. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957); *Hanson v. Denckla*, 357 U.S. 235, reh denied, 358 U.S. 858 (1958). Pertinent here are the facts in *McGee*, above, where a California resident sued the defendant (Texas) life insurance company in California; the insurer was a mere assignee of the original insurer and had no relationship with California. However, the Supreme Court held that the insurer had sufficient minimum contacts with California so that California courts did not violate due process concepts, the Court holding that a mere single transaction was sufficient — there, as here, plaintiff sent money to the nonresident on a contract.

In an action on a foreign judgment, Florida courts will look to the law of the state where the judgment was rendered to determine whether the judgment is valid. *Drake v. Granger*, 22 Fla. 348 (1886); *Carroll v. Gore*, 106 Fla. 582, 143 So. 633 (1932); *Einhorn v. Home State Savings Ass'n*, 256 So. 2d 57, 58 (Fla. 4th DCA 1971).

In *Geckhoed v. Jensen*, 227 Md. 220, 352 A 2d 818 (1976), the Court of Appeals of Maryland, the highest court in that state, held that the purpose of the long arm statute is to expand jurisdiction to constitutional limits.

Although the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state, *Hanson v. Denckla*, above, 357 U.S. at 253, if the defendant does some act by which he purposely avails himself of the privilege of conducting activities within the forum state, thus invoking its benefits and the protection of its laws, the minimum contact requirement is met. *Id.*

The court concludes that the minimum contact requirements were met for purposes of the Maryland judgment. By executing the guaranty the defendants agreed that (a) it was in consideration of the agreement to make the loan to Gulf Standard Corp., (b) payment of the guaranty was to be made according to the terms of the note — all payments were thus required to be made at plaintiff's place of business in Maryland, (c) the terms are governed by Maryland law, and (d) the Maryland courts have jurisdiction. Aside from the fact that the place of payment generally determines the venue or jurisdiction, it is readily apparent that Maryland not only had a manifest interest in providing effective means of redress

for its residents when their guarantors refuse to pay their obligations, defendants were given a reasonable time to appear and defend on the merits after being notified of the suit; under such circumstances, defendants had no vested right not to be sued in Maryland. *McGee v. International Life Ins. Co.*, above, 355 U.S. at 223-224. Moreover, defendants had the right, by their contract of guaranty, to seek legal redress in Maryland should any question arise as to the efficacy of the guaranty. The court is satisfied that, even had the defendants not themselves delivered their guaranty to plaintiff in Maryland, the requisite "minimum contacts" were present.

All that remains for this court's consideration is a review of the Maryland service of process statute in order to determine whether or not defendants were afforded procedural due process. Procedural due process means nothing more than the "opportunity to be heard." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). Defendants do not contend that they were not notified of the suit against them in Maryland but they do argue that "the record is silent as to the authority for the service in fact made." (Memorandum, p 5). Again, — counsel for defendants has not suggested by affirmative defense any Maryland statute which would govern. Therefore, the court judicially notices Maryland Code (1957) §6-304 of the Courts and Procedure Article, Annotated Code of Maryland, The Michie Company (1974); and, Rules 107 and 116 (1974), Vol 9B Annotated Code of Maryland, The Michie Company (1977 Replacement Vol.).

§6-304 provides —

> "If the exercise of personal jurisdiction is authorized by this title, the defendant may be served with process where he is found, whether within or outside of the state. (An. Code 1957, art 75, §97; 1973, 1st Sp. Sess., Ch. 2, §1).

As observed above, by §6-103, the exercise of personal jurisdiction was authorized in this case.

Rules 107 and 116 authorize personal delivery of process outside Maryland by a competent private person over the age of 18. Plaintiff has carried its summary judgment burden in this regard.

Finally the court is constrained to observe that during a hearing conducted by the court on November 21, 1977 on plaintiff's motion to set the cause for trial, counsel for defendants suggested that there is no issue as to the merits, the only question being whether or not the Maryland court had in personam jurisdiction. Plaintiff has filed certified copies of the Maryland judgment with supporting papers as well as the service of process returns. Defendants have not favored the court with any Maryland law or otherwise which would warrant the conclusion that they were not subject to juris-

diction there. Seemingly, they contend that plaintiff should start all over again in Florida i.e., sue on the guaranty. It is assumed that they would then again concede that they have no defenses on the merits. That exercise is hardly necessary or appropriate.

The court is otherwise fully advised in the premises and it is thereupon ordered and adjudged that the plaintiff's motion for summary judgment be and the same is hereby granted, the plaintiff to have of and from the defendants, William Victor Gruman and Eva G. Gruman, jointly and severally, the sum of $490,019.21, for which let execution issue. Costs hereof and attorney fees in separate order.