**In the Matter of Michael CANIGLIA and Margarita Caniglia, Debtors.**

**Laurence H. KALLEN, Plaintiff,**

v.

**Michael CANIGLIA and Margarita Caniglia, Defendants.**

**Bankruptcy No. 81–783–Orl.**

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Feb. 26, 1982.

Richard Osterndorf, Daytona Beach, Fla., for debtor.

Robert Mellen, Orlando, Fla., for plaintiff.

**ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding filed by the Plaintiff, Laurence H. Kallen, against Michael and Margarita Caniglia, the Debtors, who now seek relief under Chapter 11 of the Bankruptcy Code. The Plaintiff, Mr. Kallen, is the duly appointed Trustee of 1202 Ridgewood Avenue Associates (Associates), an Illinois limited partnership, which is the debtor in a Chapter 11 proceeding

pending before the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division.

The following facts were revealed at the hearing:

On October 19, 1979, the Debtors and Associates entered into a real estate exchange contract whereby the Defendants agreed to convey to Associates their interest in an apartment building located in Chicago, Illinois and Associates agreed to convey to the Defendants a motel known as the Holiday Lodge located in Daytona Beach, Florida. Since any conveyance of the motel required the prior consents of the first and second mortgagees, the parties executed a rider to the exchange contract wherein they agreed that the deed to the motel would be placed in a joint order escrow until the necessary consents were obtained. On October 26, 1979, the parties entered into a Management Agreement. Under the terms of this agreement, Associates as owner of the motel agreed to employ the Defendants as the managing agents of the motel. On this same date, the Defendants executed an Installment Note in the amount of $1,110,-450.58, representing the balance due to Associates for the purchase of the motel. Paragraph 7 of the Management Agreement further provided that a default under the note would terminate the managing agreement upon 30 days notice to the Defendant. The note is, what is commonly known as an Illinois cognovit note which contains a warrant of attorney authorizing any attorney, in the event of default, to appear for the defendants and confess judgment without process in favor of the payee.

Subsequent to the closing on October 26, 1979, the Defendants defaulted on their obligation by failing to make the payments pursuant to the terms of the note. On May 15, 1980, Associates commenced suit in the Circuit Court of Illinois and obtained a judgment by confession in the amount of $1,096,347.40 on May 29, 1980. On July 29, 1980, the Defendants were personally served in Florida with a copy of the summons to Confirm Judgment by Confession. The summons required the Defendants to file an answer within thirty days. The Defendants failed to respond. On September 2, 1980, the Circuit Court of Illinois entered its order confirming the default judgment. On December 8, 1980, the Defendants, through their attorney, presented a Petition to Vacate the Order Confirming Judgment. The petition was heard with notice to the Defendants who withdrew their petition because the circuit court judge found the petition defective. On December 19, 1980, the attorney for the Defendants filed a second petition which sought to vacate the same order. The circuit court heard argument and on January 28, 1981 entered an order denying, without prejudice, the relief requested in the petition on the ground that the petition should not be brought by the Defendants' attorney, but rather by the Defendants.

On May 7, 1981, the Defendants, through a different attorney, filed a Motion to Vacate and Set Aside Void Judgment or in the Alternative, to Open Judgment Entered by Confession. After a hearing, the circuit court denied the motion with the stipulation that the judgment be reduced by $500 to $1,095,847.40.

In Count I of the complaint, the trustee seeks relief from the automatic stay of § 362(a) to proceed in the Illinois Bankruptcy Court with the sale of the subject motel pursuant to § 363 of the Code. In the alternative, Count II seeks a declaration that the Defendants have no interest or right in the motel and that the motel is not property of the estate in the above-captioned bankruptcy proceeding. The Defendants filed an answer which set forth several affirmative defenses and a counterclaim which demands, inter alia, that the Plaintiff deliver the deed held in escrow to the Defendants. On December 14, 1981, the Plaintiff filed a Motion to Strike Affirmative Defenses and Counterclaim on the ground that the Illinois cognovit judgment is res judicata and bars the assertion of the affirmative defenses and counterclaim.

The question presented for this Court's determination is whether the Illinois judgment and its subsequent confirmation is,

under the Full Faith and Credit Clause of the U.S. Constitution, entitled to res judicata effect and, therefore, enforceable in Florida.

 The Defendants contend that the Illinois judgment is void since it was obtained contrary to Florida law. Indeed, it is true that Fla.Stat. § 55.05 proscribes the use of a power of attorney to confess judgment made before an action is brought and declares any judgment so obtained to be null and void. The difficulty with the Defendants' proposition is that it incorrectly assumes that Florida law controls this controversy. The Florida choice of law rule requires that the validity and effect of a power of attorney to confess judgment be governed by the law of the state where the power was given and the judgment was rendered. *Carroll v. Gore*, 106 Fla. 582, 143 So. 633 (1932); *United Mercantile Agencies v. Bissonnette*, 155 Fla. 22, 19 So.2d 466 (1944). Thus, under the instant facts, it is clear that Illinois law is controlling.

In *Carroll, supra,* the Supreme Court of Florida addressed the issue of the validity of an Illinois cognovit judgment. Unlike the case, sub judice, the Defendant in *Carroll* was never personally served prior to the entry of the final judgment. Notwithstanding the absence of service, the court held:

> "[A] judgment entered under a warrant of attorney to confess judgment without process, authorized under the laws of the State where made, will not be denied enforcement in this state merely because the statutes of this state prohibit confessions upon warrant of attorney ..." at page 637.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Strike the Affirmative Defenses and Motion to Strike Counterclaim, treated as a Motion to Dismiss the Counterclaim be, and the same hereby are, granted and the affirmative defenses raised by the Defendants and their counterclaim be, and the same hereby are, stricken and dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's request for Relief from the Automatic Stay be, and the same hereby is, scheduled for final evidentiary hearing, to be held before the undersigned, on March 23, 1982 in Room 597, 80 N. Hughey, Orlando, Florida, at 1:30 p. m.

DONE AND ORDERED at Tampa, Florida on February 26, 1982.