F. N. CONRAD AND E. F. OATES, COPARTNERS AS CONRAD AND OATES, *Plaintiffs in Error,* v. W. C. JACKSON, S. W. ALLEN, R. LEE WAFF AND J. W. WARD, PARTNERS AS HARWOOD TURPENTINE COMPANY, *Defendants in Error.*

Division A.

Opinion Filed January 16, 1925.

1. The plea of never promised as alleged is a proper plea of the general issue to a declaration upon an express promise to pay a certain sum of money.

2. The plea of never promised as alleged is a denial of the contract which consists of the consideration and the promise.

3. The parties to an action are bound by the issues made in their pleadings.

4. In an action at law where the declaration is so doubtful in its terms that it may be construed either as one upon an express or implied assumpsit and the defendant interposes a plea of the general issue applicable to the former action and the plaintiff accepts it and goes to trial the action will be considered as one on an express assumpsit.

5. In an action upon an express assumpsit where the defendant pleads the general issue the burden is upon the plaintiff to prove both the consideration and the express promise.

A Writ of Error to the Circuit Court for Volusia County; James W. Perkins, Judge.

Judgment affirmed.

*Sholtz & Green,* for Plaintiffs in Error;

*Murray Sams,* for Defendants in Error.

ELLIS, J.—Conrad and Oates as copartners sued W. C. Jackson and others as copartners under the name of Harwood Turpentine Company upon a contract for the payment of commissions for the sale by the plaintiffs of certain lands owned by the defendants.

The declaration is not on the common counts for work done and labor performed nor account stated, but upon an alleged express promise to pay the plaintiffs a certain compensation for certain service.

There was a plea of never promised as alleged. That plea was the correct plea of the general issue. See Sec. 2666, Revised General Statutes, 1920.

It was a denial of the contract. The indebtedness of the defendants existed, if at all, according to the declaration,

by reason of the existence of the alleged contract and the plaintiffs' compliance with its terms on their part to be performed. The defendants met the issue at the threshold and said there was no such contract as that alleged.

The parties are bound by the issues made in the pleadings. The plaintiffs accepted the plea of never promised as alleged and went to trial upon it, thereby construing their own declaration as one on simple contract other than mere money or common counts enumerated in Sec. 2648, Revised General Statutes, paragraphs 1 to 12 inclusive, and those of a like nature.

While the declaration might be construed to be one on an implied or general assumpsit, the parties treated it as an express or special assumpsit. The burden was therefore upon the plaintiff to prove the express promise alleged in the declaration as well as the consideration because together they comprised the contract of which the plea was a denial. See Archibold's Nisi Prius, 174.

The plaintiffs failed in the evidence to meet this issue. Evidence was adduced to show that certain services were performed and that according to the local custom in such cases the amount charged therefor was reasonable and payable at a certain time. But such was not the issue. It was whether the service had been rendered (the consideration) and whether a promise to pay the amount sued for had been made. There was no evidence of such promise. The evidence for the defendants did not dispute the consideration but did dispute the express promise to have been as laid.

In this view of the case it becomes unnecessary to discuss the many errors assigned.

The judgment is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.