**UNITED MERCANTILE AGENCIES, a corporation under the laws of the State of Kentucky, v. HELEN BISSONNETTE and DON BISSONNETTE.**

19 So. (2nd) 466                                June Term, 1944
October 17, 1944                                Division B
Rehearing denied November 10, 1944

*Bryan & Bryan* and *E. L. Bryan,* for appellant.
*Victor H. Knight,* for appellees.

SEBRING, J.:

Napoleon Mortgage Loan Company was the owner and holder of a certain promissory note duly executed by the appellees, Helen Bissonnette and Don Bissonnette. The note contained a stipulation authorizing any attorney at law, in event of default of payment, to appear for the makers in any

court of competent jurisdiction in the State of Ohio and waive issuance and service of process and, without notice, confess judgment against said makers in favor of the holder. The note became in default. The owner sued on the note in the Court of Common Pleas of Henry County, Ohio and recovered a purportedly valid judgment upon confession of attorney. The makers of the note were never served with process, the judgment being entered against them solely by virtue of the warrant of attorney annexed to the note sued upon.

The judgment was duly assigned to United Mercantile Agencies, the appellant herein. Subsequently, the assignee brought suit in the Circuit Court of Hillsborough County, Florida, upon the judgment, against the judgment debtors. The defendants were duly summoned to appear, and filed a plea in bar to the right of the plaintiff to maintain its action on the sister-state judgment, on the ground that the judgment was invalid by reason of the fact that no personal service was had on defendants in the State of Ohio, nor did the Ohio Courts otherwise acquire jurisdiction of the defendants so as to authorize the entry of a valid judgment against them. Demurrer to the plea was overruled and the parties went to trial on the pleadings, the case, by consent of counsel being tried before the court without intervention of a trial jury.

At the trial the plaintiff offered in proof of its case the complete judgment roll of the proceedings in the Court of Common Pleas of Henry County, Ohio. Proffered, likewise, was a certified copy of Section 11597 of the General Code of Laws of the State of Ohio, which purported to authorize the entry of judgment by confession of attorney executed before action brought. At final hearing the trial judge disregarded the Ohio law as being inadmissible under the pleadings and entered judgment in favor of defendants for failure of proof of the cause of action. This appeal is from the judgment.

Although several questions are raised by assignments of error they all turn, we think, upon the law involved in the ruling of the trial judge in rejecting the proof of the Ohio law offered by the plaintiff at the trial.

The declaration in the case at bar shows on its face the entry of the Ohio judgment solely by confession of attorney upon warrant of authority given before suit brought on the cognovit note, without service of process upon the defendants in the suit. In briefs before this Court appellant vigorously asserts that under the law of the State of Ohio the entry of such judgment by confession is fully authorized. But nowhere in the declaration on the judgment is the Ohio law pleaded which is supposed to have given such authority. And under Florida law a power of attorney to confess or suffer judgment to pass by default, or otherwise, without service of process, executed before action is brought, is null and void. See Section 55.05, Florida Statutes, 1941. Moreover, a domestic judgment entered by any of the courts of this State based upon such pretended authority would be invalid and unenforceable. Carroll v. Gore, 106 Fla. 582, 143 So. 633, 89 A.L.R. 1495. Out of this factual situation arises the question, what law shall the court apply to the facts and record brought before it, when the plaintiff fails to plead the law regulating the subject in force from whence the record is taken?

It is held in this jurisdiction that a judgment conclusive in a sister state where rendered is conclusive here, under the "full faith and credit clause" of the Federal Constitution, and applicable Federal Statutes. The fact that a judgment of a sister state is of a character or in a form which would not be permissible in a domestic judgment is not of itself a valid ground for refusing it recognition. In many states entry of judgments by confession without service of process is permissible. See 31 Am. Jur. pp. 109, 114, Secs. 465, 478. A judgment entered under the laws of a sister state permitting such entry of judgment, therefore, will not be denied enforcement in this jurisdiction merely because by our law the entry of such a judgment by our own courts would be unlawful. Carroll v. Gore, supra.

When, however, such a judgment is brought here for enforcement the law of the sister state authorizing and making such judgment valid must be shown by pleading and proof by the one who seeks enforcement before the courts of this

State will accord it recognition. The courts of this State do not take judicial notice of the law of a sister state even in actions brought here on judgments obtained in another state. Sammis v. Wightman, 31 Fla. 10, 12 So. 526. Though Section 1 of Article IV of the Federal Constitution requires that full 'faith and credit shall be given in each state to the judicial proceedings of any other state, the constitutional mandate entails no obligation upon the courts of justice of sister states to judicially know the law of any other state governing the effect of a judgment in controversy. Questions of presumptions or judicial notice are always for the law of the forum. The courts of the forum not being judicially charged with knowledge and hence not bound to take judicial notice of the laws of other states, such foreign laws must be pleaded and proved as ultimate facts, insofar as it may be necessary to establish the validity of a judgment in the State where rendered. Sammis v. Wightman, supra; Equitable Building and Loan Association v. King, 48 Fla. 252, 37 So. 181; Baggett v. Davis, 124 Fla. 701, 169 So. 372. In the absence of an allegation of such ultimate facts in the pleadings the presumption will obtain that the law of the sister state is the same as the law of the forum, and the case will proceed to ultimate conclusion upon such presumption. Barnes v. Liebig, 146 Fla. 219, 1 So. (2nd) 247; The Columbian National Life Insurance Company v. Lanigan, (Fla.) 19 So. (2nd) 67.

In the case at bar the plaintiff is suing upon a judgment entered in the courts of the State of Ohio. It may be that the State of Ohio permits the entry of judgment rendered under a power of attorney to confess judgment; we do not take judicial notice of such fact. But if the judgment sued upon was entered by such authority, it was rendered in a manner unknown to the jurisprudence sustaining the validity of the judgment. One of the essential elements of the case was the authority under Ohio law for the entry of judgment by confession, for such judgment could not have been lawfully entered under the law of this jurisdiction. Of this fact the plaintiff must have been on notice, for the decisions on the point are clear. The plaintiff chose not to plead the Ohio law on the subject. Under such circumstances the presump-

tion on the pleadings was that the law of Ohio and the law of Florida was the same. The issue made by the pleadings, therefore, was one of the validity of an Ohio judgment to be determined by Florida law presumptively applicable. In view of the state of the pleadings when the parties went to trial, proof of the law of Ohio contrary to Florida law was not admissible, for the plaintiff was bound to confine its proofs to the issues joined by the pleadings. A.C.L. Ry. v. Crosby, 53 Fla. 400, 43 So. 318; Conrad v. Jackson, 89 Fla. 2, 103 So. 113; Logan v. Board of Public Instruction for Polk County, 118 Fla. 184, 158 So. 720; Norwich Union Indemnity Co. v. Willis, 124 Fla. 137, 168 So. 418.

It follows that the trial judge was not in error in rejecting as evidence the certified copy of Ohio law which was offered by the plaintiff for the first time at the trial on the merits.

The judgment should be affirmed.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.