88 So.2d 282 (1956)
Renzo ABOANDANDOLO, Also known as Renzo Abbondandolo, Appellant,
v.
John VONELLA, Appellee.
Supreme Court of Florida, En Banc.
April 4, 1956.
Rehearing Denied June 21, 1956.
*283 Mallory Horne, Tallahassee, and Norman R. Lyons, Miami, for appellant.
Padgett & Teasley, Miami, for appellee.
TERRELL, Justice.
August 13, 1953, New Jersey Department of Labor and Industry, Division of Workmen's compensation, entered a determination, Award and Rule for Judgment, hereinafter referred to as Rule for Judgment, against appellant in favor of appellee. Having failed and refused to pay said Rule for Judgment, as required by the law of New Jersey, the plaintiff (appellee) caused it to be accelerated by an order entered in the Monmouth County Court, Law Division, the effect of which was to render said Rule for Judgment due and payable immediately as shown by copy thereof attached as Exhibit B.
In addition to the foregoing allegations, the complaint filed in the courts of this state to realize on the Rule for Judgment alleges that by reason of his default defendant became indebted to the plaintiff in the sum of $23,816.87, with interest thereon at the rate of 6% per annum as provided by the law of New Jersey, all of which remains unpaid. A motion to dismiss the complaint was overruled, answer was filed, a motion to strike the material allegations thereof was overruled and final judgment for the plaintiff was entered in the sum of $25,416.57, with costs in the sum of $17.20. We are confronted with an appeal from the final judgment.
As previously suggested, the purpose of this suit is to recover on the New Jersey judgment in the courts of this state. Appellant challenges the validity of the New Jersey judgment for lack of juridiction over the parties and the subject matter.
The answer to this question turns on whether or not the statute of limitations of New Jersey had run against appellee's claim. In United Mercantile Agencies v. Bissonnette, 155 Fla. 22, 19 So.2d 466, 155 A.L.R. 916, this court held that courts of the forum are not charged with judicial notice of the law of other states, hence they must be pleaded and proven as ultimate facts. This doctrine was modified by Chapter 25110, Acts of 1949, Sec. 92.031, F.S. 1955, F.S.A., which provides that every court of this state shall take judicial notice of the common law and the statutes of every state, territory and other jurisdictions of the United States, but that such notice does not *284 operate automatically in every case. The party who intends to take advantage of it must give reasonable notice to the adverse party or parties in the pleadings or otherwise and should produce supporting authorities. Peterson v. Paoli, Fla., 44 So.2d 639, 16 A.L.R.2d 1094; Kingston v. Quimby, Fla., 80 So.2d 455.
Appellant's answer to the complaint did not allege that the New Jersey statute of limitations could not be waived and being so, he could not offer proof of it at the trial, nor can he take advantage of his failure to do so on appeal. In this situation, the trial court was required to assume that the New Jersey statute of limitations, N.J.S.A. 2A:14-5, was the same as the Florida statute of limitations, F.S.A. § 95.11. It is settled that the Florida statute of limitations is waived unless pleaded. Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704; Akin v. City of Miami, Fla., 65 So.2d 54, 37 A.L.R.2d 691. New Jersey law on the subject appears to be the same as the Florida law. Markey v. Robert Hall Clothes, 27 N.J. Super. 417, 99 A.2d 552; Brown v. Allied Plumbing & Heating Co., 130 N.J.L. 487, 33 A.2d 813.
Another element supporting this conclusion is that the New Jersey statute of limitations provides that any time defendant is not a resident of the state shall not be counted on the period of time within which the action must be brought. It appears from the record in this case that defendant was absent from the state of New Jersey most of the two year period following the accident in question and being so, the statute was tolled during that period.
It follows that the courts of Florida had power to determine whether New Jersey had jurisdiction of the parties and the subject matter as a predicate for enforcing the New Jersey judgment. In any event if the courts of this state had tested the jurisdiction of the New Jersey courts, they could not have escaped the same judgment. Likewise if jurisdiction in this case had been tested in New Jersey, the statute of limitations not having been raised in the trial court, it was waived. Such was the ruling of the trial court here.
The judgment appealed from is accordingly affirmed.
Affirmed.
THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.
DREW, C.J., dissents.
ROBERTS, J., not participating.