HENDRY, Judge.
Appellant, plaintiff below, appeals from a final judgment rendered in favor of appel-lee, defendant below, in an action wherein appellant sought to domesticate certain Pennsylvania final money judgments.
Succinctly stated, the record reveals the facts as follows: appellant filed complaint alleging that on May 18,1971, it had recovered a final money judgment against appel-lee in the Court of Common Pleas in Montgomery County, Pennsylvania. It was further alleged that on June 2, 1971, appellant was awarded a second final money judgment against appellee in the same court and that both judgments were due, owing and unpaid. Attached to the complaint and incorporated therein were copies of the “Docket Entries,” “Judgment Indexes” and “Certificates of Exemplification” for each of the judgments. The certificates of exemplification were executed by the Pro-thonotary of the Court of Common Pleas and certified that the documents were true and correct copies of the records in the two eases. The complaint further requested that the Pennsylvania judgments be reduced to Florida judgments and that a final judgment be entered in the principal sum of TWO HUNDRED THIRTY-ONE THOUSAND, EIGHT HUNDRED NINETY-FOUR DOLLARS and THIRTY-TWO CENTS ($231,894.32), representing the sum of the two judgments, together with interest.
Appellee moved to dismiss the complaint. Said motion was denied by the trial judge and appellee subsequently answered the complaint denying the allegations and asserting that the Pennsylvania judgments were invalid in that state. After summary judgment (filed by appellant) and judgment on the pleadings (filed by appellee) were denied, appellant filed a “Notice of Intention to Request Judicial Notice of Foreign *27 Law.” Said notice asserted that while ap-pellee was previously on notice that appellant would rely upon the laws of Pennsylvania, this notice reaffirmed appellant’s intent to so rely. Thereafter, appellant filed a second “Notice of Intention to Request Judicial Notice of Foreign Law,” wherein appellant specifically referred to certain statutes and rules of civil procedure of Pennsylvania. Appellee did not respond, controvert or criticize the form in which the notices to rely on foreign law had been presented.
At trial, appellant presented the statutes and rules applicable to the case and found in its notice of intention to rely on foreign law, and the exemplified (certified) copies of the records in both the Pennsylvania cases. Notwithstanding the above, the trial judge entered a final judgment in favor of appellee. From that final judgment, this appeal has been taken.
There appears to be but one issue in this case, to-wit: whether, pursuant to Section 92.031, Florida Statutes (1977), a notice of reliance on foreign law must be contained in a pleading. The trial judge was apparently of the view that the above statute requires that a notice of reliance on specific rules and statutes of other jurisdictions be specifically set forth in a pleading. Based upon appellant’s failure to plead foreign law, the trial judge entered judgment in favor of appellee.
Section 92.031, Florida Statutes (1977), in pertinent part, reads as follows:
“92.031 Judicial notice of foreign laws; uniform act.
“(1) Every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States.
“(2) The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information.
* * * * * *
“(4) Any party may also present to the trial court any admissible evidence of such laws, but, to enable a party to offer evidence of the law in another jurisdiction or to ask that judicial notice be taken thereof, reasonable notice shall be given to the adverse parties either in the pleadings or otherwise.” [Emphasis supplied.]
The above statute clearly offers alternative means by which a litigant may notify the court of his or her intention to rely upon the law of a foreign jurisdiction. Reasonable notice to the adverse party appears to be the only prerequisite to the means of notification to be utilized by a party intending to rely upon foreign law.
Sub judice, the record affirmatively shows that appellee did in fact have reasonable notice of appellant’s intention to rely upon certain statutes and rules of Pennsylvania. Further, the record reveals that the method employed by appellant in notifying the court of its intention to rely was, in light of the above statute, not improper.
Accordingly, it is our opinion that the trial judge erred in rendering final judgment in favor of appellee in that both the method and means employed by appellant to notify appellee of its intention to rely upon certain statutes and rules of Pennsylvania did not contravene the purpose of Section 92.031, i. e. sufficient notice. See Aboandandolo v. Vonella, 88 So.2d 282 (Fla.1956); and United Mercantile Agencies v. Bissonnette, 155 Fla. 22, 19 So.2d 466 (1944).
While appellant had adequately notified both the court and the opposing party of its intention to rely, it is, however, not entitled to domesticate the judgments until proof has been shown that said foreign judgments were obtained in compliance with the laws of Pennsylvania. See Kingston v. Quimby, 80 So.2d 455 (Fla.1955); and Aboandandolo v. Vonella, supra. Therefore, the cause is remanded to the trial court with directions to conduct a hearing to determine the procedural propriety of the foreign judgments in light of the Pennsylvania law relied upon by appellant.
Reversed and remanded with directions.