659 So.2d 1242 (1995)
TURNER MURPHY COMPANY, Appellant,
v.
SPECIALTY CONSTRUCTORS, INC. and The Haskell Company, Appellees.
No. 94-110.
District Court of Appeal of Florida, First District.
August 28, 1995.
*1243 Ronald G. Robey of Smith, Currie & Hancock, Atlanta, for appellant.
David M. Wells and Mary J. Perry of Mahoney Adams & Criser, P.A., Jacksonville, for appellees.
BENTON, Judge.
This case presents the question of which statutory limitations provision applies when an action is filed in Florida to enforce a foreign judgment against an alleged alter ego of a judgment debtor. We conclude that such an "action [is one] on a judgment or decree of any court ... of ... any other state or territory in the United States," § 95.11(2)(a), Fla. Stat. (1991), so that the judgment creditor had five years from entry of the foreign judgment in which to file suit in Florida.

Proceedings in South Carolina
When a waste water treatment plant built for the Town of Winnsboro, South Carolina, fell short of the town fathers' expectations, the Town brought suit in the Court of Common Pleas, Fairfield County, South Carolina, against the engineers who designed the plant and Turner Murphy Company (Turner Murphy), the general contractor who built it. Turner Murphy sought to implead Specialty Contractors, Inc. (Specialty), with whom it had subcontracted for part of the work. Impleader was not permitted. But the Town was granted leave to add Specialty as a defendant, and Turner Murphy was then allowed to state a cross-claim seeking "equitable indemnity" from Specialty for any judgment that might be entered against it as well as attorney's fees and costs Turner Murphy incurred in defending the Town's lawsuit.
The jury found Specialty liable and exonerated Turner Murphy. On the cross-claim, the South Carolina trial court directed a verdict in favor of Turner Murphy and against Specialty for Turner Murphy's expenses in defending the action, which totalled $108,244.24. The South Carolina judgment against Specialty was entered on November 16, 1987. Turner Murphy recorded a certified copy in Florida in 1988. Although Specialty never obtained a stay of the judgment, Specialty appealed the judgment to the South Carolina Court of Appeals, then sought review in the South Carolina Supreme Court, which affirmed. Town of Winnsboro v. Wiedeman-Singleton, Inc., 307 S.C. 128, 414 S.E.2d 118 (1992).

Proceedings in Florida
More than four but less than five years after judgment was entered against Specialty *1244 in South Carolina, Turner Murphy initiated the present proceedings by filing in Duval County where The Haskell Company (Haskell) and Specialty share corporate offices. In Count I of its complaint, filed October 2, 1992, Turner Murphy sought entry of a Florida judgment against Specialty, allegedly a wholly owned subsidiary of Haskell, in the amount of the unsatisfied South Carolina judgment.
In Count II, Turner Murphy sought entry of a Florida judgment in the same amount against Haskell "[b]ecause Specialty is the alter ego of Haskell and has been used to mislead or defraud creditors." Turner Murphy alleged, among other things, that, during the course of the South Carolina litigation, Haskell stripped Specialty of its assets and rendered Specialty judgment proof. On Count II, the trial court granted partial summary judgment against Turner Murphy, ruling that Turner Murphy's suit to collect from Haskell on the South Carolina judgment was time barred in Florida. Turner Murphy appeals. We reverse.

Merits Not Reached
Summary judgment is appropriate when undisputed facts demonstrate that the complaint was not filed within the time allowed by the statute of limitations. Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla. 1978); Sands v. Blando, 575 So.2d 1306 (Fla. 3d DCA 1991). For present purposes, Turner Murphy's allegations are pertinent only insofar as necessary to ascertain which provision of the statute of limitations applies. The choices are set out in the statute:
Actions other than for recovery of real property shall be commenced as follows:
... .
(2) WITHIN FIVE YEARS. 
(a) An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.
... .
(3) WITHIN FOUR YEARS. 
... .
(j) A legal or equitable action founded on fraud.
... .
(p) Any action not specifically provided for in these statutes.
§ 95.11, Fla. Stat. (1987). Turner Murphy also argues, albeit on appeal for the first time, that a South Carolina statute of limitations ought to govern. But, at this procedural juncture, the argument is unavailable. A party cannot rely on foreign law without pleading reliance in the trial court. Kingston v. Quimby, 80 So.2d 455 (Fla. 1955); United Mercantile Agencies v. Bissonnette, 155 Fla. 22, 19 So.2d 466 (1944); Aetna Casualty & Surety Co. v. Ciarrochi, 573 So.2d 990 (Fla. 3d DCA 1991); Coyne v. Coyne, 325 So.2d 407 (Fla. 3d DCA 1976), cert. denied, 339 So.2d 1168 (Fla. 1976).

Not an Action Founded on Fraud
Asserting that Turner Murphy knew all the facts on which it bases its allegations no later than November of 1987, Haskell maintains that a four-year limitations period began at that time. Haskell posits "piercing the corporate veil" as the cause of action Count II states, and characterizes proceedings on Count II as either an "equitable action founded on fraud" or an "action not specifically provided for." In support of the view that Count II is "founded on fraud," Haskell points to language in the complaint and cites case law like the following:
The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.
Advertects, Inc. v. Sawyer Indus., Inc., 84 So.2d 21, 23 (Fla. 1955). See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984); Ally v. Naim, 581 So.2d 961 (Fla. 3d DCA 1991); USP Real Estate Inv. Trust v. Discount Auto Parts, Inc., 570 So.2d 386 *1245 (Fla. 1st DCA 1990). Fraud as used in this sense connotes fraudulent conveyances, distributions, or other transfers designed to remove corporate assets from the reach of corporate creditors. It may have nothing to do with material misrepresentations of fact intended to induce detrimental reliance. A party seeking to pierce a corporate veil must show only
that the corporation is in actuality the alter ego of the stockholders ... employed by the stockholders for fraudulent or misleading purposes, or in some fashion that the corporate property was converted or the corporate assets depleted for the personal benefit of the individual stockholders, or ... in general, that property belonging to the corporation can be traced into the hands of the stockholders.
Advertects, 84 So.2d at 24. An action in which a party seeks to establish that stockholders have treated the corporation's property as their own need not on that account be viewed as one which is "founded on fraud" for purposes of the statute of limitations.

Not an Action "Not Specifically Provided For"
Piercing a corporate veil is not itself a cause of action any more than the doctrine of respondeat superior is. Perhaps the leading Florida case on piercing corporate veils, Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984), was a personal injury action. A valet who worked for Carrousel Concessions, Inc., a sister corporation of Dania Jai-Alai Palace, Inc., crushed a jai alai aficianada between two cars. Recovery against the valet required proof of his negligence. Recovery against Carrousel Concessions, Inc. required proof, in addition, of the valet's employment. Recovery against Dania Jai-Alai Palace, Inc. and the common corporate parent depended, in addition, on evidence that Carrousel Concessions, Inc. was an alter ego of the other two corporate entities. For statute of limitations purposes, however, the entire proceeding can only be viewed as an "action founded on negligence." § 95.11(3)(a), Fla. Stat. (1993).
Similarly, in USP Real Estate Inv. Trust v. Discount Auto Parts, Inc., 570 So.2d 386 (Fla. 1st DCA 1990), a landlord sought to hold Discount Auto Parts, Inc. (Discount) liable for damages occasioned by the breach of a lease it entered into with a corporation created by Discount for the sole purpose of acting as lessee. Questions of corporate organization and corporate purposes were central to the issue of Discount's liability, but the case remained an action for breach of contract.

Action on a Judgment
In the same way, the action Turner Murphy has brought here is an action on a foreign judgment, even though Turner Murphy seeks to establish Haskell's liability along with Specialty's. What precedent we have found gives us comfort in this conclusion. Plaintiffs succeeded in piercing the corporate veil to enforce a Florida judgment in a New York federal court in Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 608 F. Supp. 1261 (S.D.N.Y. 1985), aff'd in part, 933 F.2d 131 (2d Cir.1991), as against the contention that the action was time-barred under New York's six-year limitations period for fraud actions. The District Court for the Southern District of New York held that the applicable statute of limitations was New York's twenty-year provision for actions to enforce judgments. 608 F. Supp. at 1264. Affirming that portion of the trial court's decision, the Second Circuit held
if the plaintiffs in this case can prove the defendants are in fact the alter ego of Developers, defendants' [statute of limitations] objection evaporates because the previous judgment is then being enforced against entities who were, in essence, parties to the underlying dispute; the alter egos are treated as one entity.
Passalacqua, 933 F.2d at 142-43. Accord, United States v. Southern Fabricating Co., Inc., 764 F.2d 780, 783 (11th Cir.1985); Holborn Oil Trading Co. Ltd. v. Interpetrol Bermuda Ltd., 774 F. Supp. 840, 847 (S.D.N.Y. 1991); United States v. Clawson Medical *1246 Rehabilitation and Pain Care Ctr., P.C., 722 F. Supp. 1468 (E.D.Mich. 1989); Belleville v. Hanby, 152 Mich. App. 548, 394 N.W.2d 412 (1986).
Turner Murphy's entitlement, if any, rests squarely on the South Carolina judgment it seeks to enforce. Whatever the relationship between Specialty and Haskell, whatever the history of their dealings, Turner Murphy's recovery is limited by what the South Carolina court has adjudged. Like the proceedings on Count I, proceedings on Count II comprise an "action on a judgment or decree of any court ... of ... any other state or territory in the United States." § 95.11(2)(a), Fla. Stat. (1991). Because Turner Murphy filed within five years of November 16, 1987, these proceedings commenced within the time allowed by the statute of limitations.
Accordingly, summary judgment is reversed and the cause is remanded for further proceedings.
JOANOS and LAWRENCE, JJ., concur.