[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

No. 07-12085

_____

D. C. Docket No. 94-01417-CV-FAM

C. THURMON BELL,
individually as assignee of Mike Mitchell
& Associates, Ltd., a South Carolina Corporation,

Interested Party-Appellant-Cross-Appellee,

versus

RONALD REINE, individually,

Defendant-Counter-Claimant-Appellee-Cross-Appellant,

SYLVIA REINE, BRIAN REINE,
OMNI CONSTRUCTION, LLC,

Movants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(December 15, 2008)**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

C. Thurmon Bell appeals the district court's March 29, 2007, Final Order of Dismissal and Order Denying All Pending Motions as Moot. Bell asserts the district court erred by applying § 95.11(2), Florida Statutes, Florida's five-year statute of limitations for "an action on a judgment," to bar Bell's effort to hold Appellees liable, as alter egos, for a debt arising under a 1997 judgment. Bell also asserts the district court erred by concluding Sylvia Reine was not subject to alter-ego liability or jurisdiction, and by declining to impose liability on Omni Construction, LLC (Omni LLC). Ronald Reine cross appeals the adverse rulings made against him, in the event we disagree with the district court's ruling as to the statute of limitations. After reviewing the record, reviewing the parties' briefs, and having the benefit of oral argument, we affirm the district court's order of dismissal.[1]

On January 13, 1997, the district court entered an amended final judgment on a jury verdict against Omni Construction of Mississippi, Inc. (Omni-Miss). Omni-Miss ceased its operations and liquidated its assets around 1995, and Bell has yet to collect on the judgment. On November 5, 2002, Bell filed an emergency motion requesting the district court to "freeze" monies about to be paid to Omni

---

[1] Because the district court correctly concluded Fla. St. § 95.11(2)(a) barred Bell's claims, we do not reach the other arguments raised by Bell, or the issues raised on cross-appeal by Ronald Reine.

LLC.  Although Bell's efforts to collect were eventually manifested in a 2006 motion for imposition of alter-ego liability, November 5, 2002, is the operative date for statute of limitations purposes.

We review a district court's determination regarding a statute of limitations *de novo*.  *Atl. Land & Improvement Co. v. United States*, 790 F.2d 853, 857 (11th Cir. 1986).  Florida's statute of limitations provides, in relevant part, "[a]n action on a judgment or decree of any court [other than for the recovery of real property], not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country" shall be commenced within five years.  FLA. STAT. § 95.11(2)(a).  This statute has been applied to actions to enforce a judgment in Florida against the alleged alter ego of the judgment debtor. *See Turner Murphy Co. v. Specialty Constructors, Inc.*, 659 So. 2d 1242, 1243 (Fla. 1st DCA 1995).

Applying § 95.11(2)(a), the statute of limitations ran on January 13, 2002, five years after the district court entered judgment against Omni-Miss.  Bell filed his motion to enforce the judgment on November 5, 2002.  Because Bell can point to no authority in disagreement with *Turner Murphy*, his attempt to impose liability on Appellees is barred by § 95.11(2)(a).

**AFFIRMED.**