DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC WURTZEBACH** and **JENNIFER WURTZEBACH,**
Appellants,

v.

**FLOORING DEPOT FTL, INC., JOSEPH PRIZZI,** and **ALEXIS PRIZZI,**
Appellees.

Nos. 4D2023-0476 & 4D2023-0480

[February 21, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David Alan Haimes, Judge; L.T. Case No. CACE17-001750.

Alexander O. Soto of Soto Law Group, P.A., Fort Lauderdale, for appellants.

C. Edward McGee, Jr., of McGee & Huskey, P.A., Fort Lauderdale, for appellees.

GROSS, J.

Appellants Eric and Jennifer Wurtzbach (the "plaintiffs") are judgment creditors in a circuit court case. They instituted proceedings supplementary against appellees Alexis Prizzi and Joseph Prizzi. The circuit court entered final judgment in favor of the Prizzis on the fraudulent transfer claims brought in the proceedings supplementary. We reverse, holding that the rulings in the underlying lawsuit did not bar the attempt to collect on a judgment by pursuing fraudulent transfer claims against the Prizzis.

### *Background*

In June 2016, the plaintiffs entered into a written agreement with "Flooring Depot FTL" to purchase about 3,950 square feet of flooring materials for $37,800.13, payable in three installments. The parties later agreed to change the order to more expensive flooring. Flooring Depot required an additional payment of $8,100, labeled as a "restocking fee"

and an "additional charge." The plaintiffs paid Flooring Depot in full under the agreement.

Flooring Depot ordered the flooring in two batches—2,005.09 square feet for the first order and a second order for 1,911.83 square feet. The plaintiffs received the first order but never received the second order.

### *The Underlying Lawsuit*

The plaintiffs brought an amended complaint against Flooring Depot and its principal, Joseph Prizzi, asserting five counts: (I) breach of contract; (II) breach of the implied covenant of good faith and fair dealing; (III) conversion; (IV) fraud; and (V) unjust enrichment.

The essence of the fraud asserted in the underlying lawsuit was that Flooring Depot and Mr. Prizzi promised the second batch of flooring without any intention of delivering on that promise.

At the ensuing bench trial, the plaintiffs sought to pierce the corporate veil on the ground that Mr. Prizzi took their money "and used it for his own personal use." Mr. Prizzi admitted that he "spent $19,502 of the [plaintiffs'] money, but not on flooring for them." The plaintiffs also presented bank statements showing that Mr. Prizzi used business accounts to pay his personal expenses.

The trial court ruled for the plaintiffs on the breach of contract, conversion, and unjust enrichment claims, but found in favor of the defendants on the other claims. The court did not "see this as a fraud situation," but rather found that "when it came time [for the defendants to] make the second payment, they didn't have money to do it at that point." Still, the court found that it could enter judgment against Mr. Prizzi in his individual capacity because he "commingled funds paid by Wurtzebach" and "converted funds paid by Wurtzebach for his own personal use." The court entered final judgment against both Flooring Depot and Mr. Prizzi.

### *This Court's Decision in Flooring Depot I*

On appeal, this court reversed the trial court's mathematical calculation of damages and the trial court's piercing of the corporate veil to impose personal liability on Mr. Prizzi. *Flooring Depot FTL, Inc., v. Wurtzebach*, 330 So. 3d 47, 48 (Fla. 4th DCA 2021) ("*Flooring Depot I*").

To pierce a corporate veil, we noted, a claimant must prove each of the following three factors: (1) the shareholder dominated the corporation to such an extent that the corporation had no independent existence and the shareholder was the alter ego of the corporation; (2) the corporate form was used fraudulently or for an improper purpose; and (3) the claimant was injured as a result. *Id.* at 49 (citing *Seminole Boatyard, Inc. v. Christoph,* 715 So. 2d 987, 990 (Fla. 4th DCA 1998)). Applying this test, we held that the trial court erred in piercing the corporate veil:

> We find the trial court erred in piercing the corporate veil and imposing personal liability on Prizzi. Here, the appellees' allegations were insufficient to show that Prizzi engaged in any improper conduct. The allegations against Prizzi were that he commingled his business and personal assets and used business monies to make personal purchases. These allegations, without more, fail to meet any of the three factors set forth in *Christoph.* . . . Because appellees' allegations and evidence were insufficient to allow piercing of the corporate veil, the trial court erred in doing so.

*Id.* at 49–50 (citation omitted). We remanded for the trial court to enter a corrected judgment solely against Flooring Depot. *Id.* at 50.

### *The Proceedings Supplementary*

During the pendency of the appeal in *Flooring Depot I,* the plaintiffs filed a supplemental complaint to institute proceedings supplementary against Mr. Prizzi and his daughter, Alexis Prizzi.

One count of the complaint sought to recover for fraudulent transfers in violation of the Florida Uniform Fraudulent Transfer Act. That count alleged that Flooring Depot, the insolvent judgment debtor, transferred assets to the Prizzis or for their benefit, either directly or indirectly, without receiving reasonably equivalent value, in violation of section 726.106(1) or 726.109(2), Florida Statutes. Specifically, Count I alleged that: (1) money and other assets were fraudulently transferred to Mr. Prizzi or for his benefit; (2) judgment debtor funds were used to pay Mr. Prizzi's personal expenses, including his alimony; (3) judgment debtor monies were transferred to Alexis; and (4) watches and other jewelry were given to Alexis. Alternatively, Count I alleged that these transfers were made with actual intent to defraud in violation of section 726.105, Florida Statutes.

Ultimately, the trial court entered summary judgment against the plaintiffs on the fraudulent transfer count, relying on collateral estoppel

or res judicata, based on its earlier decision on the fraud count and our holding in *Flooring Depot I* that the plaintiffs' evidence was insufficient to pierce the corporate veil. The trial court also ruled that the complaint failed to state a cause of action against Alexis. The trial court later entered separate final judgments in favor of Mr. Prizzi and Alexis on all claims brought in the proceedings supplementary.

### *Piercing the Corporate Veil and Common Law Fraud Differ from a Claim under the Fraudulent Transfer Act*

Piercing the corporate veil is not itself a cause of action. *Turner Murphy Co. v. Specialty Constructors, Inc.*, 659 So. 2d 1242, 1245 (Fla. 1st DCA 1995). Rather, it is a legal doctrine applied to hold a corporation's shareholders liable for the corporation's debts. To pierce the corporate veil, a claimant must prove three things: (1) the shareholder dominated the corporation to such an extent that the corporation had no independent existence, such that the shareholder was the alter ego of the corporation; (2) the corporate form was used fraudulently or for an improper purpose; and (3) the claimant was injured as a result. *Christoph*, 715 So. 2d at 990. This "showing of improper conduct" requires proof that "the corporation was actually organized or used to mislead creditors or to perpetrate a fraud upon them." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119–20 (Fla. 1984).

The elements of a claim for fraudulent misrepresentation are: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010).

A claim for fraudulent transfer under the Florida Uniform Fraudulent Transfer Act ("FUFTA") is a separate and distinct cause of action from common law fraud. *See, e.g.*, *Gulf Coast Produce, Inc. v. Am. Growers, Inc.*, No. 07-80633-CIV, 2008 WL 660100, at *6 (S.D. Fla. Mar. 7, 2008) (distinguishing fraudulent transfer claims from common law fraud claims). Unlike common law fraud claims, fraudulent transfer claims are often "asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction." *Id.* As such, "the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred." *Id.* "This is in stark contrast to a common law fraud claim where a plaintiff alleges that a defendant made a material false statement or omission directly to the plaintiff." *Id.*

A fraudulent transfer claim under section 726.106(1) focuses not on false representations made to a plaintiff but on the unfairness of the transfer to a judgment creditor:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

§ 726.106(1), Fla. Stat. (2016). "A debtor who is generally not paying his or her debts as they become due is presumed to be insolvent." § 726.103(2), Fla. Stat. (2016).

Section 726.106(1) "does not require intent." *Levin v. Ethan Allen, Inc.*, 823 So. 2d 132, 136 (Fla. 4th DCA 2002). Thus, section 726.106, Florida Statutes (2016), is often referred to as a "constructive fraud" statute. *See, e.g., In re Vilsack*, 356 B.R. 546, 553 (Bankr. S.D. Fla. 2006).

### *The Fraudulent Transfer Count Was Not Barred by Res Judicata*

Under the doctrine of res judicata, "a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action." *Youngblood v. Taylor*, 89 So. 2d 503, 505 (Fla. 1956). Res judicata bars relitigation of a claim if the following four elements are satisfied: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the claim is made." *Jasser v. Saadeh*, 103 So. 3d 982, 984 (Fla. 4th DCA 2012) (citation and internal quotation marks omitted).

The requirement of identity of the cause of action is established if "the facts or evidence necessary to maintain the suit are the same in both actions." *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005). Even if the facts "may overlap to a degree," this does not necessarily mean that the second lawsuit will be barred by res judicata. *Id.* at 1210.

Here, res judicata did not bar the plaintiffs' claim for fraudulent transfers in the supplemental complaint. The element of identity of the cause of action is not present. The underlying lawsuit asserted a cause of

action for fraudulent misrepresentations and sought to pierce the corporate veil, while the supplemental complaint alleged that Flooring Depot fraudulently transferred funds to the Prizzis while it was insolvent and without receiving reasonably equivalent value. The fraudulent transfer claim was not within the issues framed by the pleadings in the underlying suit. The factors necessary to establish a section 726.106 fraudulent transfer claim are different from those essential to proving common law fraud or piercing the corporate veil.

We acknowledge there were facts common to both actions. The plaintiffs sought to use Flooring Depot's payment of Mr. Prizzi's personal expenses to support the fraud claim and to pierce the corporate veil. The lesson of *Flooring Depot I* was that this evidence—without more—was insufficient to pierce the corporate veil. The opinion's use of the phrase "improper conduct" has a specific meaning in reference to piercing the corporate veil—it refers to conduct using the corporate form in a way that is misleading or fraudulent to creditors. *See Sykes*, 450 So. 2d at 1120. Our statement in *Flooring I* that the plaintiffs failed "to show that Prizzi engaged in any improper conduct" meant only that the plaintiffs failed to demonstrate that Mr. Prizzi engaged in the type of improper conduct necessary to pierce the corporate veil. The *Flooring Depot I* decision did not rule that the transfers at issue did not occur.

Similarly, the plaintiffs' fraud claim in the underlying suit was based on the theory that Flooring Depot and Mr. Prizzi took the plaintiffs' money and knowingly made false promises while not intending to fully perform under the Agreement. Flooring Depot's payment of Mr. Prizzi's personal expenses was circumstantially probative of his fraudulent intent. The trial court's ruling on the fraud claim focused on whether plaintiffs carried their burden of proving that Mr. Prizzi knowingly made false statements regarding Flooring Depot's willingness to fulfill its contractual responsibilities. This fraud claim did not adjudicate the nature of the transfers under the Fraudulent Transfer Act.

"Fraud" is a chameleon legal term, drawing meaning from the context where it is used. Essentially, common law fraud and piercing the corporate veil require a showing of misleading conduct—either a knowing misrepresentation to establish fraud, or improper conduct in the sense that "the corporation was actually organized or used to mislead creditors or to perpetrate a fraud upon them," necessary to pierce the corporate veil.

By contrast, a fraudulent transfer claim under section 726.106 operates under a constructive fraud theory. The plaintiffs' fraudulent transfer claim required only proof that Flooring Depot made the transfers

6

while it was insolvent and without receiving reasonably equivalent value in return.  This claim was not adjudicated in the underlying lawsuit or in *Flooring Depot I*.[1]

### *The Fraudulent Transfer Count Was Not Barred by Collateral Estoppel*

"Collateral estoppel requires that: (1) the identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate the issue; (4) the parties to the prior action were identical to the parties of the current proceeding; and (5) the issue was actually litigated." *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015).

Here, collateral estoppel does not bar the plaintiffs' fraudulent transfer claim under section 726.106(1).  Several elements of collateral estoppel are not present here.  Whether the transfers from Flooring Depot to the Prizzis constituted fraudulent transfers under section 726.106(1)—that is, whether the transfers were made while Flooring Depot was insolvent and without reasonably equivalent value—is not the identical issue presented in the underlying proceeding.  Moreover, as noted above, this issue was not "actually litigated" in the prior proceeding.  Rather, the issues in the underlying proceeding concerned whether Flooring Depot and Mr. Prizzi committed actual fraud and whether to pierce the corporate veil.  Accordingly, collateral estoppel did not bar the plaintiffs' fraudulent transfer claim under section 726.106(1).

### *The Supplemental Complaint Stated a Cause of Action Against Alexis*

Finally, we hold that the supplemental complaint stated a cause of action for a fraudulent transfer against Alexis.  *See Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. 2d DCA 2014) (holding that a complaint tracking the language of sections 726.105 and 726.106 sufficiently stated a claim of fraudulent transfer); *In re 45 John Lofts, LLC*, 599 B.R. 730, 747 (Bankr. S.D.N.Y. 2019) (pointing out that at the pleading stage "a plaintiff is not required to give a 'dollar-for-dollar accounting' of the transfers at issue").

---

[1] As to Alexis, the "identity of the parties" element of res judicata was also absent.

### Conclusion

We reverse the order granting summary judgment on the fraudulent transfer claims, as well as the ensuing final judgments as they pertain to the fraudulent transfer claims, and remand to the circuit court for further proceedings. Our reversal is limited to the fraudulent transfer count of the supplemental complaint, which was the only count fully briefed on appeal.

*Reversed and remanded.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***